**Intanri UDJARI, Budi Sentoso, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–1620–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2006.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Anna Mills Wagoner, United States Attorney, John W. Stone, Assistant United States Attorney, Greensboro, NC, for Respondent.

PRESENT: Hon. JOHN M. WALKER, JR., Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Intanri Udjari, a citizen of Indonesia, and Budi Sentoso, Udjari's husband who files a derivative claim, seek review of a March 7, 2005 order of the BIA denying their motion to reopen its December 21, 2004 decision adopting and affirming immigration judge ("IJ") Robert Weisel's September 9, 2003 denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Intanri Udjari, Budi Sentoso,* Nos. A96 264 322, A96 264 322 (B.I.A. March 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005). As Udjari presented the same arguments in her motion to reopen as she presented to the BIA on direct appeal, the BIA acted within its discretion in finding that she failed to meet the requirements for a motion to reopen and denying the motion. *See Matter of Gue-* *vara,* 20 I. & N. Dec. 238, 248, 1990 WL 385763 (BIA 1991) (holding that a motion is not to be used as an opportunity for a second effort at proving arguments which have already been advanced unsuccessfully); *see also Matter of Cerna,* 20 I. & N. Dec. 399, 1991 WL 353528 (BIA 1991).

To the extent that the BIA construed Udjari's motion as a motion to reopen to file a successive asylum application, this Court does not have jurisdiction to review its determination that Udjari failed to present sufficient evidence indicating changed country conditions that would warrant the filing of such an application. Pursuant to 8 U.S.C. § 1158(a)(2)(B), subject to certain exceptions, an alien must file an application for asylum within one year of his or her arrival in the United States. Under 8 U.S.C. § 1158(a)(2)(D), an alien may file an asylum application after the allotted one-year period, provided he or she can demonstrate to the satisfaction of the Attorney General either the existence of changed circumstances, which materially affect his or her eligibility for asylum or extraordinary circumstances relating to the delay in filing the application. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). In her brief to this Court, Udjari argues that the BIA abused its discretion in denying her motion to reopen because her submitted documentary evidence demonstrated that conditions in Indonesia had worsened since her hearing before the IJ, and because

they establish a pattern or practice of persecution of Christians in Indonesia. Because she does not raise any legal or constitutional arguments before this Court, we do not have jurisdiction to review the BIA's denial of Udjari's motion to reopen to file a successive asylum application.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. The pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).